UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONALD M. LOVELL,

       Plaintiff,

v.                               CASE No. 8:04-CV-2451-T-27TGW

JO ANNE B. BARNHART,
Commissioner of Social Security,

       Defendant.

_____

## REPORT AND RECOMMENDATION

The plaintiff in this case seeks judicial review of the denial of his claim for Social Security disability benefits.[1]  Because the decision of the Commissioner of Social Security is supported by substantial evidence, I recommend that it be affirmed.  Moreover, the plaintiff's request for a remand for the consideration of new evidence should be denied because the criteria for such a remand have not been satisfied.

I.

The plaintiff, who was forty-nine years old at the time of the most recent administrative hearing and who has a high school education, has

_____

[1]This matter comes before the undersigned pursuant to the Standing Order of this court dated January 5, 1998.  See also Local Rule 6.01(c)(21).

worked primarily as a journeyman ironworker.  He filed a claim for Social

Security disability benefits, alleging that he became disabled due to lung

problems from toxic exposures, HBP (hypertension), carpal tunnel syndrome

and nerve damage to his hands (Tr. 76).  The claim was denied initially and

upon reconsideration.

The plaintiff, at his request, then received a de novo hearing

before an administrative law judge.  The law judge found that the plaintiff had

severe impairments of asthma, carpal tunnel syndrome and hypertension.  He

concluded that these impairments restricted the plaintiff to light work (Tr. 17).

Based upon this determination and the plaintiff's age and education, the law

judge decided that the medical-vocational guidelines directed a conclusion

that the plaintiff was not disabled (Tr. 16).  The Appeals Council let the

decision of the law judge stand as the final decision of the defendant (Tr. 3-4).

Thereafter, the plaintiff sought review in this court.  Based upon

the Commissioner's own motion, the court remanded the matter for further

consideration (Tr. 741-42, 777-79).

Prior to completion of review of the plaintiff's first claim, he

filed another claim for Social Security disability benefits (Tr. 329, 441). That

matter was consolidated with the plaintiff's first application for benefits (Tr.

329).  Consequently, on February 25, 2003, another hearing was conducted before the same law judge (Tr. 349).

The law judge found the plaintiff has severe impairments of chronic obstructive pulmonary disease, hypertension and carpal tunnel syndrome (Tr. 332).  He concluded that the plaintiff's impairments imposed the following restrictions: lifting limited to ten pounds occasionally, no prolonged overhead reaching, limited hand control operation, only limited fine dexterity, no repetitive grasping, no close eye work, and work in a clean environment away from significant temperature extremes, noise, vibrations and sub-optimal atmospheric conditions (Tr. 342).  The law judge also determined that the plaintiff can sit for an eight-hour workday and stand and walk between six to eight hours for each workday (id.).  Thus, the law judge decided that the plaintiff had the residual functional capacity to perform a significant range of sedentary work (id.).  The law judge determined, based upon the testimony of a vocational expert, that there were jobs in the national economy that the plaintiff could perform, such as telemarketer, telephone information clerk and surveillance system monitor (Tr. 340, 342). Accordingly, the law judge decided that the plaintiff was not disabled (Tr.

342).  The Appeals Council let the decision of the law judge stand as the final

decision of the defendant.

## II.

In order to be entitled to Social Security disability benefits, a

claimant must be unable "to engage in any substantial gainful activity by

reason of any medically determinable physical or mental impairment which

. . . has lasted or can be expected to last for a continuous period of not less

than twelve months."   42 U.S.C. 423(d)(1)(A).   A "physical or mental

impairment," under the terms of the Act, is one "that results from anatomical,

physiological, or psychological abnormalities which are demonstrable by

medically acceptable clinical and laboratory diagnostic techniques."   42

U.S.C. 423(d)(3).

A determination by the Commissioner that a claimant is not

disabled must be upheld if it is supported by substantial evidence.  42 U.S.C.

405(g).  Substantial evidence is "such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion." Richardson v. Perales, 402

U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S.

197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

In June 1997, the plaintiff was injured at work when he inhaled toxic fumes while welding (Tr. 362-63). As a consequence, the plaintiff has been treated for respiratory problems. In addition, the plaintiff also had several surgeries on his hands to correct his carpal tunnel syndrome (Tr. 230-43; 261-69; 371-75; 694-95; 696-726; 727-32). The law judge concluded that

these problems severely limited the plaintiff to sedentary work, but did not render him disabled within the meaning of the Act.

In his memorandum, the plaintiff seeks relief on nine grounds, which is in keeping with plaintiff's counsel's typical approach of asserting virtually all contentions, regardless of merit, that may be raised in a Social Security case. Notably, the plaintiff's first argument, which presumably would be his strongest contention, is not a challenge to the law judge's decision, but is a request for remand for consideration of new evidence.

A. The plaintiff argues that a remand is warranted based on new evidence of a pulmonary function test performed by plaintiff's treating pulmonologist, Dr. Brian G. Salisbury, on July 15, 2003 (Doc. 10, pp. 2-5). This study was performed almost five months after the administrative hearing and almost three months after the law judge rendered his decision. Accordingly, the new evidence is not to be considered in determining whether the law judge's decision is supported by substantial evidence. Falge v. Apfel, 150 F.3d 1320, 1323 (11th Cir. 1998), cert. denied, 525 U.S. 1124 (1999).

The new evidence, however, may support a remand under sentence six of 42 U.S.C. 405(g). Falge v. Apfel, supra, 150 F.3d at 1323. In order to obtain a remand, the plaintiff must demonstrate that (1) the

pulmonary test is new evidence and not cumulative, (2) the evidence is material in that a reasonable possibility exists that the new evidence would change the administrative result, and (3) good cause exists for the plaintiff's failure to submit the evidence at the appropriate administrative level. Id. The plaintiff cannot satisfy all three of these criteria.

Arguably, the plaintiff can show that Dr. Salisbury's study is not cumulative.  The Commissioner points out that the record contained a pulmonary function study performed by Dr. Jose A. Perez-Arce on January 31, 2003 (Tr. 822).  Dr. Salisbury asserted that this study was "not truly adequate" to determine the severity of the plaintiff's restrictive defect (Tr. 734).  Dr. Salisbury's subsequent test did show some lower values (Tr. 315).  However, Dr. Perez-Arce's results led him to conclude that the plaintiff was limited to "mild sedentary activity" (Tr. 814), whereas Dr. Salisbury did not set forth an opinion of the plaintiff's residual functional capacity based upon his test results (see Tr. 316).  Nevertheless, in light of the lower values in Dr. Salisbury's test, it is appropriate to view his results as new, non-cumulative evidence.

However, accepting that there is new evidence, that evidence is not material, which is the second criterion of the test for a remand.  Thus,

while Dr. Salisbury's study showed lesser values than Dr. Perez-Arce's test, it was not accompanied by any opinion that the reduced values made a difference in the opinion, expressed by Dr. Perez-Arce, that the plaintiff was limited to, but could perform, mild sedentary activity. In other words, the plaintiff has failed to show that, although there is a difference in the test scores of Dr. Perez-Arce and Dr. Salisbury, the difference is significant. Specifically, there has been no showing that Dr. Salisbury's test scores mean that the plaintiff cannot perform mild sedentary activity as Dr. Perez-Arce opined. Therefore, there is not a reasonable possibility that the new evidence from Dr. Salisbury would change the administrative result. Since the plaintiff has failed to satisfy this criterion for a remand, the request for a remand should be denied.[2]

B.  Turning to the challenges to the law judge's decision, the plaintiff argues that the law judge failed "to give proper way [sic]" to his

---

[2]The plaintiff also cannot show good cause for the failure to submit to the law judge new pulmonary test results from Dr. Salisbury. The plaintiff complained about the alleged inadequacy of Dr. Perez-Arce's test results on March 6, 2003, and there is no explanation why the plaintiff could not have submitted at that time a new pulmonary test study from Dr. Salisbury, which was seven weeks before the law judge issued his decision.

The complicating factor on this element, however, is that it is not clear to me that the Appeals Council actually considered Dr. Salisbury's test results (see Tr. 310-13). In that event, this court would simply review those results to determine whether they constituted new and material evidence. See Falge v. Apfel, supra, 150 F.3d at 1324. As indicated, the element of materiality has not been shown.

treating physicians.  The plaintiff asserts that the law judge failed to mention the opinion of Dr. Robert Belsole, who performed surgeries on the plaintiff's hands and wrists, that the plaintiff is unable to perform work requiring repetitive activity or lifting greater than three to five pounds (which I interpret to mean a five-pound maximum) (Doc. 10, p. 6; Tr. 804).

Opinions from treating physicians are entitled to substantial or considerable weight unless there is good cause for not doing so.  <u>Phillips</u> v. <u>Barnhart</u>, 357 F.3d 1232, 1240 (11th Cir. 2004).   Good cause exists when the treating physician's opinion is not bolstered by the evidence, the evidence supports a contrary finding, or when the opinion is conclusory or inconsistent with the physician's own medical records.  <u>Lewis</u> v. <u>Callahan</u>, 125 F.3d 1436, 1440 (11th Cir. 1997).

The law judge was faced with conflicting evidence with regard to the amount of weight that the plaintiff could lift and concluded that the plaintiff could lift ten pounds occasionally (Tr. 338). This decision is supported by substantial evidence.

Significantly, the law judge in his decision mentioned the plaintiff's testimony about Dr. Belsole's weight-lifting restriction, thus specifically indicating his awareness of that opinion (Tr. 331).  However, the

law judge accepted the opinion of another treating physician, Dr. Thomas L. Greene, who performed surgeries for plaintiff's carpal tunnel syndrome. Dr. Greene concluded that the plaintiff is restricted to lifting ten pounds (Tr. 241, 336, 523, 525, 527). The law judge also noted the opinion of consulting examiner Dr. Ernesto Nieto, an orthopedist, that the plaintiff is limited to lifting twenty pounds (Tr. 303-04; 337).

Moreover, the plaintiff's own testimony at the hearing is contrary to Dr. Belsole's proposed limitation. The plaintiff testified that, on occasion, he lifts more than ten pounds, but that it hurts when he does so (Tr. 356). Thus, he said he can lift a maximum of fifty to one hundred pounds (id.).

Consequently, this is not a situation where the law judge simply rejected a doctor's opinion. Rather, the law judge was presented with various pieces of information about the plaintiff's ability to lift, including the plaintiff's testimony about lifting his granddaughter (Tr. 382) and that he had a job at one point delivering mattresses (Tr. 361-62). Thus, there was ample basis for the law judge not to accept Dr. Belsole's limitation of five pounds and set it at ten pounds instead.

Furthermore, even if, in the face of the contrary evidence, the law judge erred in not accepting Dr. Belsole's five-pound lifting restriction, that

error would be harmless because none of the three types of jobs identified by the vocational expert would be precluded by such a restriction. It is self-evident that the job of surveillance system monitor does not require any significant lifting. Further, neither a five-pound lifting limitation nor any other hand restriction would prevent the plaintiff from working as a telemarketer, or information clerk/receptionist because, as the vocational expert explained, a telemarketer and an information clerk/receptionist wear a headset so that the work only consists of occasional fingering and fine manipulation (Tr. 390, 391, 396).

In short, the law judge did not err in declining to accept Dr. Belsole's lifting restriction of five pounds. But, even if he did, that error would not warrant a reversal because such a restriction would not preclude the plaintiff from performing the jobs specified by the law judge.

The plaintiff also argues that the law judge did not give proper weight to the opinion of treating physician Dr. Salisbury (Doc. 10, pp. 6-9). Dr. Salisbury has on occasion said that the plaintiff is disabled (Tr. 206, 214, 453). However, he has also indicated several times that the plaintiff could work (see, e.g., Tr. 209). In fact, at one point, Dr. Salisbury said that the plaintiff could return to work as a welder if he were provided a mask (Tr.

208).  Dr. Salisbury has also stated that the plaintiff is "doing remarkably well" (Tr. 296), "basically doing well" (Tr. 299), "doing fairly well now" (Tr. 547), "doing great" (Tr. 553) and "[h]e is markedly improved" (Tr. 736).  The law judge considered these varying opinions in deciding to discount Dr. Salisbury's comments that the plaintiff is disabled (Tr. 335).

The law judge noted further that Dr. Salisbury based his claim of disability on 1998 test results that were superseded by later better ones (id.). In addition, the law judge considered that other physicians did not view the plaintiff as disabled (Tr. 335, 341).   In particular, Dr. Perez-Arce had pulmonary tests administered in January 2003 and concluded that the plaintiff had a severe impairment, but could perform mild sedentary activity.

Moreover, the law judge discussed at length the evidence of the plaintiff's pulmonary condition and concluded that the plaintiff's impairment was less extreme than Dr. Salisbury concluded (Tr. 335-36).  That discussion also supports the discounting of Dr. Salisbury's opinions of disability.

A primary reason why this case was remanded previously was because of the need for a full assessment of Dr. Salisbury's opinions.  The law judge expressly recognized the need to explain the weight he gave to Dr. Salisbury's opinions (Tr. 328, 329).   The law judge has adequately and

reasonably carried out that responsibility. The fact that the plaintiff disagrees with the law judge's assessment does not support a reversal.

C.   The plaintiff contends that the law judge failed to fully develop the record by not ordering more lung testing as suggested by Dr. Salisbury and by not ordering a heart exam or psychiatric testing mentioned by consulting examiner Dr. Jose A. Perez-Arce (Doc. 10, pp. 9-10).   The Commissioner correctly counters that the law judge's obligation to develop the record is not the same after the plaintiff has filed his application for Social Security benefits, and that, also, the plaintiff has not shown he has been prejudiced by an absence of evidence  (Doc. 14-1, pp. 13-14).

The law judge "has a basic obligation to develop a full and fair record."  Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997).  In order for a case to be remanded, however, "there must be a showing of prejudice before it is found that the [plaintiff's] right to due process has been violated...." Id. at 1423. Thus, for a remand, the record must contain evidentiary gaps that cause unfairness or clear prejudice.  Id.

Moreover, the plaintiff bears the burden of proving that he is disabled and, therefore, must produce evidence that supports his claim.  Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003).  Consequently, the

law judge is required to develop the record of the plaintiff's medical history prior to the application, but he is not obligated to do so for the period after the application's filing date.  20 C.F.R. 404.1512(c); Ellison v. Barnhart, supra, 355 F.3d at 1276; McCloud v. Barnhart, 2006 WL 177576 *6 (11th Cir. 2006)(unpub. dec.).

The additional tests all were suggested after the filing of the application.  Therefore, the plaintiff had the burden to obtain those tests if he wanted them to support his application.

Moreover, the plaintiff has not demonstrated that he was prejudiced by not having further evaluations conducted of his lungs, heart or mental state.  As already discussed, Dr. Salisbury did conduct an additional pulmonary test, but that test has been determined to be not material to the application.

With respect to the plaintiff's mental condition, he was previously sent by the Social Security Administration to see a consulting psychologist, Dr. Glenn G. Perry (Tr. 178-82).  Dr. Perry concluded that the plaintiff had mild depression, but indicated that there were no serious mental abnormalities present (Tr. 180).  Nothing has been presented which would warrant a second consultative examination.

Further, the law judge, in his decision, stated that, according to x-rays, "there is no definite heart involvement that could have further weakened him if present" (Tr. 336).  As noted by the Commissioner, the plaintiff has been seen by various doctors that have had the opportunity to listen to, and test, his heart.

For these reasons, the plaintiff's contention that the law judge failed to develop the record lacks merit.

D.  The plaintiff argues that the law judge did not consider all of the plaintiff's impairments alone or in combination (Doc. 10, pp. 10-12).  The law judge clearly recognized that he had to consider the combined effects of the plaintiff's impairments, stating that "[t]he Regulations require that[,] if a severe impairment exists, all medically determinable impairments must be considered in the remaining steps of the sequential analysis" (Tr. 330).  He said further that, "[e]ven taking the claimant's conditions together, they cannot preclude him from performing sedentary activity" (Tr. 337).

Moreover, the plaintiff acknowledges that the law judge discussed the plaintiff's various impairments and included them in his hypothetical to the vocational expert (Doc. 10, p. 10-11; Tr. 340).  For example, the law judge included severe side effects of insomnia, nausea, rash,

shaking and blurred vision in his hypothetical to the vocational expert (Tr. 386). The plaintiff therefore has failed to show that the law judge did not consider the combined effect of the plaintiff's impairments.

E. Although unclear, it appears the plaintiff asserts that the law judge did not accurately state the residual functional capacity standard pursuant to SSR 96-8p with respect to the amount of hours that the plaintiff would have to work (Doc. 10, pp. 12-13). This contention is frivolous. The law judge was simply stating succinctly the basic concept of "residual functional capacity" in the regulations (and not in the social security ruling) (Tr. 334). However, the law judge's reference to SSR 96-8p indicates that what was contemplated was "8 hours a day, for 5 days a week, or an equivalent work schedule." See 1996 WL 374184 *1. Moreover, there is nothing in the law judge's decision or his questions to the vocational expert that suggests that either the law judge or the vocational expert had anything in mind other than a full-time job.

F. The plaintiff contends that the law judge's hypothetical posed to the vocational expert was inaccurate and incomplete because it did not include all of his impairments and did not specify the restrictions with respect to some of his problems, including diarrhea and nausea (Doc. 10, pp. 14-15).

Thus, the plaintiff complains that the law judge did not include Dr. Belsole's five-pound lifting restriction or all of Dr. Salisbury's limitations.

As already discussed, the law judge was entitled to discount Dr. Belsole's and Dr. Salisbury's opinions based upon the other evidence in the record. Accordingly, as the Commissioner correctly states, the law judge need not include those limitations in the hypothetical since he should only include the impairments that are supported by the record and accepted by him. Graham v. Bowen, 790 F.2d 1572, 1576 (11th Cir. 1986).

Furthermore, the law judge included in the hypothetical to the vocational expert the plaintiff's side effects from medication of diarrhea, insomnia, nausea, rash and shaking (Tr. 386). Although, the hypothetical did not include all of the plaintiff's claimed restrictions, the law judge in his decision considered the plaintiff's complaints, but discounted them (Tr. 332, 338). For example, the law judge noted that the plaintiff had complained that he has diarrhea every other day which requires twenty to thirty minute bathroom breaks, but questioned the plaintiff's credibility, finding that the plaintiff exaggerated his conditions (id.). Thus, the law judge stated that he did not accept the plaintiff's claimed extreme limitations (Tr. 338).

Moreover, the plaintiff testified that the diarrhea from medication occurred sometimes in the morning and sometimes in the evening, depending on the medication (Tr. 369). Accordingly, the vocational expert, who heard this testimony, could have concluded that appropriate scheduling of work and medication would accommodate the plaintiff's diarrhea.

In all events, the law judge discounted the plaintiff's testimony about the side effects of medication. Therefore, he did not have to include the claimed side effects in his hypothetical to the vocational expert.

In addition, this contention, essentially, is beside the point. Because there is no indication that the law judge omitted any functional limitations that he found to be credible, the correct inquiry is not whether the law judge's hypothetical question was adequate, but rather whether his credibility determination was proper.

The hypothetical questions in this case were far more detailed than most (see Tr. 385-87). The plaintiff has failed to show that they were deficient in any meaningful way.

G. With respect to the issue of credibility, the plaintiff contends that the law judge erred in applying the Eleventh Circuit pain standard in

analyzing his non-exertional impairments and making a credibility determination (Doc. 10, pp. 15-17). This argument is without merit.

The Eleventh Circuit has established a standard for evaluating complaints of pain and other subjective complaints. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."

If the law judge determines that, under this test, the subjective complaints are not supported by the objectively determined medical condition, then the subjective complaints cannot be the basis for a finding of disability and the law judge need not assess the credibility of those complaints. He must, however, provide an adequate explanation for the determination in order to permit, upon judicial review, an assessment whether the proper standard was applied and whether the finding is supported by substantial evidence. See, e.g., Walker v. Bowen, 826 F.2d 996, 1004 (11th Cir. 1987); Johns v. Bowen, 821 F.2d 551, 556 (11th Cir. 1987).

If, on the other hand, the law judge determines that there is objective medical evidence of an impairment which could reasonably be expected to produce disabling pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." Hand v. Heckler, 761 F.2d 1545, 1549 n.6 (11th Cir. 1985). In other words, this credibility finding must be explained. Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988); Walker v. Bowen, supra, 826 F.2d at 1004.

The law judge recognized the need to articulate a credibility determination and referred to the regulation and social security ruling governing such determinations (Tr. 334), thereby demonstrating that he applied the Eleventh Circuit pain standard. Wilson v. Barnhart, 284 F.3d 1219, 1225-26 (11th Cir. 2002). Moreover, the law judge considered the plaintiff's various complaints and set forth several reasons for discounting, at least to some extent, the plaintiff's subjective allegations (Tr. 337-38). Notably, the law judge did not totally reject the plaintiff's subjective complaints, but rather concluded that the plaintiff had severe restrictions that limited him to some types of sedentary work. The law judge only rejected the allegations of total disability.

The law judge considered several factors which, taken together, support the credibility determination. Thus, the law judge stated (Tr. 338):

> ... there is some question as to the claimant's credibility, since the undersigned noted evidence of exaggeration.   There [are] also the unresolved contradictions in the record, such as his diabetic medication, an undocumented claimed visit to the lung doctor months after the last note, and the lack of proof as to more than some of the claimed six hand operations"

In addition, the law judge discussed in detail the plaintiff's medical history (Tr. 331-37).  In this respect, the law judge noted that "there is little <u>objective</u> evidence of serious side effects from the treatment once the proper dosage and drugs were established" (Tr. 337)(emphasis in original).   The law judge considered further the plaintiff's daily activities (Tr. 338).  The law judge also took into account the plaintiff's appearance at the hearing, noting that the plaintiff "did not appear in obvious physical/mental distress, and did not seem short of breath" (<u>id</u>.).   The law judge, moreover, pointed to the plaintiff's failure to pursue certain treatments or take other positive steps that could improve his situation, and he did this, not as a basis for denying disability, but as an indication that the plaintiff's condition was not as disabling as he said (Tr. 337-38).

The plaintiff objects to the law judge's consideration of his daily activities, his appearance at the hearing and his failure to follow certain treatment modalities. However, the Commissioner correctly responds that the law judge may consider the plaintiff's daily activities and his appearance at the hearing, along with the other evidence in the record. See Wilson v. Barnhart, supra,  284 F.3d at 1226; Macia v. Bowen, 829 F.2d 1009, 1011 (11th Cir. 1987). Indeed, the regulations direct that a plaintiff's daily activities be considered with respect to complaints of pain.  20 C.F.R. 404.1529(a). Moreover, the law judge noted, with respect to his personal observation of the plaintiff, that, "[w]hile lay observation of a person's appearance at rest is not conclusive in itself, it can be considered in combination with the observations of the trained medical and psychological personnel" (Tr. 338).  When considered in this manner, the law judge could appropriately take the plaintiff's appearance into account in making his credibility determination. Macia v. Bowen, supra, 829 F.2d at 1011.  Similarly, it was not improper for the law judge to factor into his credibility determination the plaintiff's failure to take certain steps to ameliorate his problems.  Ellison v. Barnhart, supra, 355 F.3d at 1275, 1277.

In sum, the law judge used the proper standard in analyzing the plaintiff's subjective complaints and provided adequate reasons for his credibility determination.  It has long been the law that this court is not authorized to second guess that determination. See  Celebrezze v. O'Brient, supra.

H.  The plaintiff asserts that the law judge improperly substituted his opinion for those of medical experts (Doc. 10, pp. 17-18).   The Commissioner correctly responds that the law judge did not substitute a medical opinion but instead performed his duty by assessing all of the evidence in the record and resolving the conflicting evidence (Doc. 14-1, pp. 21-22).  Thus,  the law judge considered all of the medical evidence in the record in determining the plaintiff's residual functional capacity.  20 C.F.R. 404.1527, 404.1545.   In making that determination, the law judge was carrying out the responsibility assigned to him by the regulations.  20 C.F.R. 404.1546.

I.  The plaintiff argues that he should be awarded benefits due to an injustice he has suffered (Doc. 10, pp. 18-19).  "Suffering an injustice" is not an independent legal standard for an award of disability benefits.  Either the plaintiff is entitled to benefits under the statute and regulations, or he is

not.  A federal judge is not authorized to apply his or her subjective standards of "an injustice" and award benefits on that basis.

Moreover, I have ploughed through the 825-page transcript and perceive no injustice.  This is a close case that might have gone either way.  The law judge had the responsibility to resolve the evidence in this case and he resolved it against the plaintiff.  That action does not constitute an injustice.

## IV.

For the foregoing reasons, the decision of the Commissioner is supported by substantial evidence.  I, therefore, recommend that the decision be affirmed.  Moreover, I recommend that the request for a remand for consideration of new evidence be denied.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: FEBRUARY 17, 2006

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal.  28 U.S.C. 636(b)(1).