UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONALD M. LOVELL,

        Plaintiff(s),

v.                                      Case No: 8:04-CV-2451-T-CV27TGW

JO ANNE B. BARNHART,
Commissioner of Social Security
                Defendant(s).
_____/

## ORDER

Before the Court is the Report and Recommendation of Magistrate Judge Thomas G. Wilson (Dkt. 16), recommending that the decision of the Administrative Law Judge ("ALJ") denying Plaintiff social security benefits be affirmed. After consideration of the Report and Recommendation in conjunction with an independent review of the administrative record, the Magistrate Judge's Report and Recommendation is adopted, confirmed, and approved in all respects. Plaintiff's objections are overruled.

### Applicable Standard

The district court may "accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate" judge. 28 U.S.C. § 636(b)(1)(C). A determination by the Commissioner that a claimant is not disabled must be upheld if supported by substantial evidence and it comports with applicable legal standards. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305

U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the Court reviews the Commissioner's decision with deference to factual findings, no such deference is given to legal conclusions. *Keeton v. Department of HHS*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F. 2d 1143, 1145 (11th Cir. 1991)).

## Discussion

Plaintiff's objections to the Report and Recommendation largely consist of the same arguments made in his memorandum of law in support of his request to remand and reverse the ALJ's decision. In many instances, Plaintiff's objections are of no assistance to the Court, as he fails to argue any error in the Report and Recommendation, merely expressing disagreement with the decision. (Dkt. 19).

1.   Dr. Brian Salisbury's June 24, 2003 - July 15, 2003 Pulmonary Function Test

The Magistrate Judge correctly concluded that Dr. Salisbury's June - July 2003 test results (Tr. 310-13) do not support a remand under sentence six of 42 U.S.C. § 405(g).[1] In order to obtain a remand, Plaintiff must demonstrate that the test results are (1) new evidence and not cumulative, (2) material in that a reasonable possibility exists that the new evidence would change the administrative result, and (3) good cause exists for Plaintiff's failure to present the evidence at the appropriate administrative level. *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998), *cert. denied*, 525 U.S. 1124 (1999).

The undersigned agrees with the Magistrate Judge that Dr. Salisbury's test results are not material and therefore a remand is not warranted. Plaintiff fails to demonstrate that the test results

---

[1] Dr. Salisbury's testing was conducted three months after the ALJ rendered his opinion. *See Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998), *cert. denied*, 525 U.S. 1124 (1999).

are likely to change the administrative result or that the test results contradict the ALJ's decision. The ALJ concluded that Plaintiff has severe impairments of chronic obstructive pulmonary disease, but "has the residual functional capacity to perform a significant range of sedentary work". (Tr. 332-342). Dr. Salisbury's June - July, 2003 test results, which do not include an opinion on Plaintiff's residual functional capacity, do not contradict the ALJ's conclusion. Accordingly, the test results are not likely to change the administrative result, especially in light of the ALJ's finding that Plaintiff suffers from severe obstructive pulmonary disease.

2.    Proper Weight Given to Treating Physicians' Opinions

Plaintiff contends the ALJ failed to give any weight to the opinion of Plaintiff's treating orthopedic hand surgeon, Dr. Belsole. Plaintiff argues that no medical evidence conclusively counters Dr. Belsole's opinion that Plaintiff can lift no greater than three to five pounds and therefore Dr. Belsole's opinion should have been given substantial weight.

A treating physician's opinion is entitled to substantial or considerable weight unless there is good cause for not doing so. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004). The Magistrate Judge correctly determined that the ALJ was presented with conflicting evidence with respect to the weight Plaintiff could lift and that good cause existed for not giving considerable weight to Dr. Belsole's opinion. Contrary to Plaintiff's suggestion, the ALJ did not simply reject Dr. Belsole's opinion. Rather, the ALJ considered all of the information, including Plaintiff's own testimony that Dr. Belsole limited him to lifting three to five pounds (Tr. 331). The ALJ's decision that Plaintiff could lift ten pounds occasionally is supported by substantial evidence, including the reports of treating physicians Greene (Tr. 241 (Sept. 1998), 523 (May 1999), 525 (April 1999), 527 (March 1999)) and consulting physician Nieto (Tr. 303-04 (July 1999)). While Plaintiff's testimony

3

regarding his ability to lift more than five pounds does not directly contradict Dr. Belsole's opinion, the opinions of Drs. Greene and Nieto are sufficient to establish good cause for not giving substantial weight to Dr. Belsole's opinion.. *See Lewis v. Callahan*, 125 F. 3d 1436, 1440 (11th Cir. 1997) (good cause exists when treating physician's opinion is not bolstered by the evidence, the evidence supports a contrary finding, or when the opinion is conclusory or inconsistent with the physician's own medical records).

The record evidence also supports a finding of good cause for not giving substantial weight to Dr. Salisbury's opinion that Plaintiff is completely disabled. The record demonstrates that Dr. Salisbury gave inconsistent reports regarding Plaintiff's capacity to work. (Tr. 209: December 1997 "Can this patient return to work? Yes"; Tr. 208: February 1998 "asthma is improved . . . I certainly believe that if this gentleman could be provided with a mask to protect him from fumes and dust, he could resume the occupation that he is most competent at"; Tr. 206: April 1998 "completely disabled": Tr. 453: April 1999 "concur that he should apply for disability").

Moreover, Dr. Salisbury noted significant improvement in Plaintiff's condition <u>after</u> he reported Plaintiff was "completely disabled". (Tr. 296: January 1999 "[a]ctually doing remarkably well"; Tr. 553: March 2000: "[a]ctually he is doing great"; Tr. 736: February 2003 "[h]e is markedly improved"). Nothing in Dr. Salisbury's reports suggest that his opinions regarding Plaintiff's improvement were limited to that day or even the proceeding visit. The Magistrate Judge correctly points out that the ALJ expressly recognized the need to explain the weight he gave Dr. Salisbury's opinions and that he adequately fulfilled that responsibility. (Tr. 328, 329, 331, 334-336).

3. <u>Failure to Fully Develop the Record</u>

An ALJ "has a basic obligation to develop a full and fair record." *Graham v. Apfel*, 129 F.3d

1420, 1422 (11th Cir. 1997). "Nevertheless, the [plaintiff] bears the burden of proving that he is disabled and consequently, is responsible for producing evidence in support of his claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. § 416.912(a)). The ALJ is required to develop a plaintiff's medical history for the twelve months prior to the date of the application for social security benefits but is not required to develop it thereafter. *Id.* Nonetheless, "there must be a showing of prejudice before it is found that the [plaintiff's] right to due process has been violated to such a degree that the case must be remanded to the Secretary for further development of the record." *Graham*, 129 F.3d at 1420. (citations omitted).

Plaintiff contends the ALJ failed to adequately develop the record because he did not order more lung testing as suggested by Dr. Salisbury and did not order a heart exam or psychiatric testing, as suggested by consulting examiner Dr. Jose A. Perz-Arce. The Magistrate Judge correctly points out, however, that the additional tests were suggested after Plaintiff's application was filed. Plaintiff therefore had the burden of further developing the record, if necessary, to prove his disability. *See Ellison*, 355 F.3d at 1276 (ALJ has the responsibility to develop plaintiff's medical history for the twelve months prior to the date of his application for benefits).

Contrary to Plaintiff's contention, this is not a case in which the ALJ did not have sufficient facts on which to make an informed decision. Before the ALJ were pulmonary tests and a "mental status evaluation" performed by a psychologist. (Tr. 178-82, 301-09, 808-25). As noted by the Magistrate Judge and the ALJ, included in the record were reports from doctors who had the opportunity to examine and test Plaintiff's heart. In light of the record evidence, additional testing or consulting examinations were not necessary for the ALJ to make an informed decision. Moreover, for the reasons discussed by the Magistrate Judge, Plaintiff fails to demonstrate that he

was prejudiced by not having additional evaluations of his lungs, heart or mental condition.

    4.    <u>Failure to Recognize all Impairments Alone and In Combination</u>

It is undisputed that the ALJ was required to consider Plaintiff's impairments individually and in combination. *Jamison v. Bowen*, 814 F.2d 585, 588-89 (11th Cir. 1987). The ALJ recognized this responsibility and considered the combined effects of Plaintiff's impairments in reaching his conclusion. (Tr. 330, 337 ("[e]ven taking the claimant's conditions together, they cannot preclude him from performing sedentary activity"). Plaintiff's objection in this regard, including his argument that the ALJ failed to recognize Plaintiff's diarrhea as a non-exertional impairment, is without merit.

    5.    <u>Inaccurate and Incomplete RFC</u>

Plaintiff merely restates the same argument he made in his memorandum of law in support of his request to remand and reverse the ALJ's decision. (Dkt. 10, pp. 12-13). While Plaintiff's argument is difficult to comprehend, this Court finds no error on the part of the ALJ in articulating the accurate residual functional capacity standard pursuant to SSR 96-8p. Accordingly, for the reasons articulated in the Report and Recommendation, Plaintiff's objection is overruled.

    6.    <u>Incomplete and Inaccurate Hypothetical</u>

Plaintiff contends the ALJ erred in articulating his hypothetical to the vocational expert because he dismissed as unimportant Plaintiff's problem with diarrhea and other side effects from medication and did not include Dr. Belsole's lifting limitation or all of Dr. Salisbury's limitations. While Plaintiff may not agree with the ALJ's credibility determinations, that disagreement is not a basis for overruling the ALJ's decision.

The ALJ was entitled to discount Dr. Belsole's and Dr. Salisbury's opinions based on the

other evidence of record. Likewise, he was entitled to discount Plaintiff's subjective complaints concerning the side effects of his medication. *See Grant v. Richardson*, 445 F.2d 656 (5th Cir. 1971) (it is the function of the Commissioner and not the courts to resolve conflicts in the evidence and assess the credibility of witnesses). As discussed *supra*, the ALJ's findings are supported by substantial evidence. A hypothetical question need only include the claimant's functional limitations that are supported by the record. *See Graham*, 790 F.2d at 1576.

7.  Failure to Properly Apply Eleventh Circuit Pain Standard

Plaintiff contends the ALJ erred in applying the Eleventh Circuit pain standard and that Plaintiff's pain testimony must be accepted as true. The "pain standard" as announced by the Eleventh Circuit requires "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).

> If a [plaintiff] testifies as to his subjective complaints of disabling pain and other symptoms, . . . the ALJ must clearly 'articulate explicit and adequate reasons' for discrediting the [plaintiff's] allegations of completely disabling symptoms. . . . The credibility determination does not need to cite 'particular phrases or formulations' but it cannot merely be a broad rejection which is 'not enough to enable [the district court or the appellate court] to conclude that [the ALJ] considered her medical condition as a whole.

Id. at 1210-11 (citations omitted).

Contrary to Plaintiff's contention, the ALJ correctly applied the "pain standard". He recited the correct regulation and social security ruling <u>and</u> considered the Plaintiff's various subjective complaints in light of the Plaintiff's medical history. (Tr. 331-338). The ALJ's consideration of Plaintiff's appearance, daily activities, his failure to adhere to certain treatment and his failure to take

certain steps to ameliorate his problems was not improper, as the ALJ did not base his decision on these factors alone. *See Wilson v. Barnhart*, 248 F.3d at 1226 (daily activities of plaintiff considered in evaluating subjective pain); *Macia v. Bowen*, 829 F.2d at 1011 (consideration of plaintiff's appearance and demeanor at the hearing proper); *Ellison*, 355 F.3d at 1277 (plaintiff's failure to follow prescribed medical treatment properly considered in conjunction with other evidence of record). Moreover, the ALJ articulated specific reasons for questioning Plaintiff's credibility (Tr. 338). While the ALJ rejected Plaintiff's allegations of total disability, he did not reject all of Plaintiff's subjective complaints of pain. Plaintiff's objections in this regard are therefore overruled.

8. <u>Substitution of ALJ Opinion</u>

Plaintiff merely adopts the same argument he made in his memorandum of law in support of his request to remand and reverse the ALJ's decision, without pointing to any error on the part of the Magistrate Judge. Accordingly, for the reasons stated in the Report and Recommendation, Plaintiff's objection is overruled.

9. <u>Injustice</u>

Plaintiff merely adopts the same argument he made in his memorandum of law in support of his request to remand and reverse the ALJ's decision, without pointing to any error on the part of the Magistrate Judge. Accordingly, for the reasons stated in the Report and Recommendation, Plaintiff's objection is overruled. Accordingly, it is therefore,

**ORDERED AND ADJUDGED**:

1) The Report and Recommendation of the Magistrate Judge is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review.

2) The decision of the Defendant Commissioner is AFFIRMED.

3) The Clerk is directed to enter judgment in favor of Defendant Jo Anne B. Barnhart. Commissioner of Social Security.

4) The Clerk is directed to deny all pending motions as moot and close this case.

**DONE AND ORDERED** in Tampa, Florida, on this 29th day of March, 2006.

*James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record